IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MEGAN NICOLE MATHENY,**

        Plaintiff,

v.

**CLACKAMAS COUNTY, a political subdivision of the State of Oregon; CRAIG ROBERTS, Sheriff; and DAVID M. KIRBY, Undersheriff,**

        Defendants.

3:10-CV-1574-BR

OPINION AND ORDER

**WILLIAM J. HEDGES**
2647 S.E. Lake Road
Milwaukie, OR 97222
(503) 650-8303

        Attorney for Plaintiff

**STEPHEN LEWIS MADKOUR**
Clackamas County Counsel
**ALEXANDER GORDON**
Assistant County Counsel
2051 Kaen Road
Oregon City, OR 97045
503-655-8362

        Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#34) for Judgment on the Pleadings and Defendants' Motion (#40) for Order Dismissing Complaint and for attorneys' fees. For the reasons that follow, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings and **GRANTS in part** and **DENIES in part** Defendants' Motion for Order Dismissing Complaint and for attorneys' fees.

### BACKGROUND

The following facts are taken from Plaintiff's Third Amended Complaint.

At some point Plaintiff Megan Nichole Matheny was incarcerated in the Clackamas County Jail. Plaintiff alleges Clackamas County Deputy Sheriff Darin Fox[1] sexually harassed her and forced Plaintiff to have oral sex with him during her incarceration at Clackamas County Jail.

In March 2007 Plaintiff was released to monitored electronic detention at the home of her grandfather, Leo Watkins.[2] Plaintiff's electronic home detention was supervised by Deputy Sheriff Fox.

---

[1] Deputy Sheriff Fox was dismissed as a Defendant in this action by stipulation of the parties on September 19, 2011.

[2] Plaintiff is currently incarcerated at Coffee Creek Correctional Facility.

2 - OPINION AND ORDER

At some point Deputy Sheriff Fox came to Watkins's home because Plaintiff was not able to hook up the electronic-monitoring equipment. Plaintiff alleges Fox followed her throughout the home and made sexual comments. Plaintiff alleges Deputy Sheriff Fox also forced her to have oral sex with him at Watkins's house.

Although the Third Amended Complaint does not contain any allegation as to the time of Deputy Sheriff Fox's alleged activities, Plaintiff alleged in her Complaint, Amended Complaint, and Second Amended Complaint that she was monitored on electronic home detention from "approximately January through July 2008." Compl. ¶ 10; Am. Compl. ¶ 10; Second Am. Compl. ¶ 10.

In her Third Amended Complaint Plaintiff alleges for the first time that she "did not discovery [*sic*] that Deputy Fox was mis-using his position of authority in respect to his relationship with plaintiff until July 2009." Third. Am. Compl. ¶ 20.

On December 29, 2010, Plaintiff filed an action in this Court alleging claims against Clackamas County, Sheriff Craig Roberts, and Undersheriff David Kirby for violation of the Eighth Amendment and of Plaintiff's right to equal protection as well as state-law claims for stalking, battery, and negligent supervision.

3 - OPINION AND ORDER

On January 5, 2011, Plaintiff filed an Amended Complaint to correct Plaintiff's last name.

On April 12, 2011, Plaintiff filed a Second Amended Complaint to add Deputy Sheriff Fox as a Defendant.

On May 18, 2011, Deputy Sheriff Fox filed a Motion to Dismiss Plaintiff's claims against him on the ground that they were barred by the applicable statute of limitations. Specifically, Deputy Sheriff Fox noted Plaintiff did not join him as a Defendant until April 2011; the Second Amended Complaint alleges Plaintiff was monitored on home detention only until July 2008; the applicable statutes of limitations for Plaintiff's § 1983 claims and her state-law claims is two years; and, therefore, Plaintiff's claims against Deputy Sheriff Fox were untimely.

On June 20, 2011, the Court held a hearing on Deputy Sheriff Fox's Motion to Dismiss at which Plaintiff conceded the Motion on the basis that she failed to bring any of her claims against Deputy Sheriff Fox within the applicable limitations period. The Court, therefore, granted Deputy Sheriff Fox's Motion to Dismiss all of Plaintiff's claims against him and directed Plaintiff to file a Third Amended Complaint by June 24, 2011.

On June 24, 2011, Plaintiff filed a Third Amended Complaint in which she removed Deputy Sheriff Fox as a Defendant, removed the allegation that she was on home detention through July 2008,

4 - OPINION AND ORDER

and added the allegation that she was not aware Deputy Sheriff Fox was "mis-using his position of authority in respect to this relationship with plaintiff until June 2009."

On August 15, 2011, Defendants filed a Motion for Judgment on the Pleadings on the grounds that Plaintiff failed to give notice of her state-law claims as required by the Oregon Tort Claims Act (OTCA), Or. Rev. Stat. § 30.275, and Plaintiff's § 1983 claims are barred by the applicable statute of limitation.

Plaintiff failed to file a timely Response.

On September 19, 2011, Defendants filed a Motion for Order Dismissing Complaint and for attorneys' fees.

On November 3, 2011, the Court held oral argument on Defendants' Motions.  At oral argument Plaintiff conceded she failed to give notice of her state-law claims as required by the OTCA.  Defendants advised the Court that both of their Motions raise the same question; *i.e.,* whether Plaintiff's Third Amended Complaint states a timely claim for violation of § 1983.

On November 3, 2011, the Court issued an Order in which, among other things, it granted Defendants' Motion for Judgment on the Pleadings as to Plaintiff's state-law claims, granted Defendants' Motion for Order Dismissing Complaint to the extent that the Court struck Plaintiff's untimely Response, and took Defendants' Motions under advisement as to Plaintiff's claims under § 1983.

5 - OPINION AND ORDER

**STANDARDS**

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

For purposes of a motion pursuant to Rule 12(c), the court must accept the nonmoving party's allegations as true and view all inferences in a light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A judgment on the pleadings is properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Davis v. Astrue*, Nos. C-06-6108 EMC, C-09-0980 EMC, 2011 WL 3651064, at *1 (N.D. Cal. Aug. 18, 2011)(citation omitted). *See also Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.").

**DISCUSSION**

**I.   Plaintiff's claims against Clackamas County under § 1983**

As noted, Plaintiff brings claims against Clackamas County under § 1983 for violation of her rights under the Eighth Amendment and the Equal-Protection Clause of the United States Constitution.  Specifically, Plaintiff brings § 1983 claims against Clackamas County pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**A.   Municipal liability under *Monell* generally**

Section 1983 liability of a local governing body arises only when "action pursuant to official . . . policy of some nature caused a constitutional tort" and not on the basis of *respondeat superior*.  *Id.* at 691-94.  "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."  *Pembaur*, 475 U.S. at 479 (1986)(emphasis in original).  Municipal "[l]iability may attach . . . only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'"  *Ulrich v. City and Cnty. of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002)(quoting *Monell*, 436 U.S. at 694).

7 - OPINION AND ORDER

B.  **Claims accrual for *Monell* claims**

Clackamas County moves for judgment on the pleadings as to Plaintiff's § 1983 claims against it on the ground that they are barred by the applicable statute of limitations.

The Ninth Circuit has made clear that the statute of limitations for § 1983 actions is determined by state law.  *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).  Section 1983 actions are characterized as personal-injury actions for statute-of-limitations purposes.  *Id.*  Under Oregon law the statute of limitations period for general tort actions is two years.  Or. Rev. Stat. § 12.110(1).  Accordingly, the limitations period for § 1983 actions in Oregon is two years.

The Ninth Circuit has also made clear that even though state law determines the limitations period for § 1983 actions, federal law governs as to when a § 1983 claim begins to accrue.  *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the cause of action."  *Id*.

Plaintiff relies on *T.R. v. Boy Scouts of America*, 344 Or. 282 (2008), to support her position that her claim did not accrue until June 2009 when she became aware that Deputy Sheriff Fox was "mis-using his authority."  In *T.R.,* however, the Oregon Supreme Court applied Oregon's state-law rule for claims accrual.

8 - OPINION AND ORDER

Specifically, the court concluded in *T.R.* that "the statute of limitations does not begin to run until a reasonably prudent plaintiff perceives both the injury and the role that the defendant has played in that injury.  In both respects Oregon law mirrors the generally applicable common-law discovery rule." *Id*. at 291-92.  Plaintiff's reliance on *T.R.* and its application in this case, however, is incorrect.  As noted, pursuant to Ninth Circuit precedent, federal law governs as to when Plaintiff's claim accrued.  Accordingly, the Court declines to apply the standard for claims accrual set out in *T.R.*

Clackamas County asserts the proper federal claims-accrual analysis is the one used by the Ninth Circuit in *Dyniewicz v. United States*, 742 F.2d. 484, 486 (9th Cir. 1984).  In *Dyniewicz* decedents were killed on March 17, 1980, when a flood swept their car off a highway in Hawaii.  The plaintiffs initially brought a wrongful-death action against the State of Hawaii on October 6, 1980, alleging the State was negligent when it failed to close a road.  The plaintiff contended they found during discovery on June 12, 1982, that National Park Service rangers might have been the cause of the accident.  On March 11, 1983, the plaintiffs filed an action for wrongful death in federal court under the Federal Tort Claims Act (FTCA) against the United States.  The Ninth Circuit held the plaintiffs did not bring their FTCA claim within the applicable two-year limitations

9 - OPINION AND ORDER

period because even though they might not have been aware that federal agents were involved until June 1982, they "knew both the fact of injury and its immediate physical cause, the flooded highway, when the bodies of Mr. and Mrs. Dyniewicz were found [in 1980]. [Under federal law, the] cause of action accrued at that time. Their ignorance of the involvement of United States employees is irrelevant." 742 F.2d at 486-87.

According to Clackamas County, therefore, Plaintiff's claims in this case accrued at the time that she became aware of the injury and its immediate cause; *i.e.*, when she knew about the sexual assault and harassment by Deputy Sheriff Fox, which occurred at some point during or before June 2008.

As the Court noted at oral argument, *Dyniewicz* involved claims accrual under the FTCA rather than claims accrual against a municipality in the context of *Monell*. Here the matter before the Court is a § 1983 claim under *Monell,* and the claims accrual analysis may differ from the analysis of claims for violations of other federal statutes because *Monell* claims stem from a municipality's policy or custom rather than from the particular actions of an individual or agency. Although the Ninth Circuit has not specifically addressed the issue of claims accrual in the context of a *Monell* claim, other courts that have addressed the issue have held a different accrual analysis applies. For example, in *Pinaud v. County of Suffolk*, the Second Circuit

10 - OPINION AND ORDER

reasoned:

> Since an actionable claim under § 1983 against a county or municipality depends on a harm stemming from the municipality's "policy or custom," *see Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed.2d 611 (1978), a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the
>
> consequence of a county "policy or custom."
>
> * * *
>
> The dissent intimates that our determination of when the claim against the County accrues is inconsistent with this Court's decision in *Eagleston*. But . . . *Eagleston*'s statute-of-limitations discussion only addresses issues relating to the accrual of claims against individual defendants, *see* 41 F.3d at 870-72, claims that do not require a "policy or custom," as do claims against a municipality. The issue before us, instead, is precisely that of when [the plaintiff] knew or should have known enough to claim the existence of a "policy or custom" so that he could sue the County.

52 F.3d 1139, 1157, 1158 n.17 (1995). *See also Branch v. Guilderland Cent. Sch. Dist.*, 239 F. Supp. 2d 242, 249 (N.D.N.Y. 2003)(same).

In addition, at least one district court in the Ninth Circuit has adopted the claims-accrual analysis of the *Pinaud* court. In *Temple v. Adams* the plaintiff brought § 1983 claims against Yuba City and Sutter County, among others, for various alleged constitutional violations stemming from the plaintiff's role as a suspect in a murder case. No. CV-F-04-6716 OWW DLB

11 - OPINION AND ORDER

(NEW DJ), 2006 WL 2454275, at *1 (E.D. Cal. Aug. 23, 2006). The municipal defendants moved to dismiss the plaintiff's claims on the basis that they were barred by the applicable statute of limitations. In determining when the plaintiff's claim against the municipal defendants accrued, the court noted:

> Section 1983 claims against a county or a municipality require an allegation that a harm stems from the municipality's "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A claim based on a "policy or custom" does not necessarily accrue at the time of the harmful act, but rather only later when it is clear, or should be clear, that the "policy or custom" caused the wrongful act. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995). "Where no single act is sufficiently decisive to enable a person to realize that he has suffered a compensable injury, the cause of action may not accrue until the wrong becomes apparent." *Id*.

*Id*., at *10.

The Court finds the analysis of *Pinaud, Branch*, and *Temple* to be persuasive and adopts it. Accordingly, the Court concludes Plaintiff's cause of action against Clackamas County did not accrue until it was clear or should have been clear that a policy or custom of Clackamas County caused the wrongful act.

Plaintiff, however, does not allege any policy or custom of Clackamas County caused Deputy Sheriff Fox to sexually abuse her. In fact, Plaintiff alleges only that she became aware in June 2009 that Deputy Sheriff Fox was "mis-using his authority." An allegation of misuse of authority undermines any suggestion that Deputy Sheriff Fox was acting pursuant to a

12 - OPINION AND ORDER

custom or policy of Clackamas County when he allegedly sexually abused Plaintiff.  In addition, the Court finds no reasonable juror could conclude that Plaintiff was unaware or that she should not have been aware that sexual abuse was outside of Deputy Sheriff Fox's duties or responsibilities as a Deputy Sheriff.  The Court finds any such allegation to be implausible. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies."). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

      As noted, Plaintiff filed her Complaint on December 29, 2010, and makes clear in her original, Amended, and Second Amended Complaints that her house arrest and interactions with Deputy Sheriff Fox terminated in July 2008, which is more than two years before Plaintiff implausibly alleges she became aware that Deputy Sheriff Fox's abuse and other actions were not an appropriate exercise of his authority.  The Court, therefore, concludes Plaintiff failed to bring her § 1983 claims within the applicable limitations period.

      Accordingly, the Court grants Clackamas County's Motion

13 - OPINION AND ORDER

for Judgment on the Pleadings and grants Clackamas County's Motion for Order Dismissing Complaint to the extent that Clackamas County seeks dismissal of Plaintiff's § 1983 claims against it.

Finally, because Plaintiff has filed four different Complaints in this action, the Court concludes Plaintiff has had more than a sufficient opportunity to allege any viable § 1983 claim against Clackamas County.  Thus, the Court declines to allow Plaintiff leave to amend her Complaint for a fifth time.

**II.  Plaintiff's § 1983 claims against the individual Defendants**

In her Third Amended Complaint, Plaintiff alleges she brings her Eighth Amendment and Equal Protection claims under § 1983 against Sheriff Roberts and Undersheriff Kirby in their "supervisory capacity."

In *Lukovsky* the Ninth Circuit made clear that in § 1983 actions brought against individuals, the claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  535 F.3d at 1048.  The Court does not see any basis to conclude the reasoning of *Dyniewicz* is not equally applicable to claims against individual supervisory actors under § 1983 because such claims do not involve a policy or custom.  As noted, the court in *Dyniewicz* concluded the plaintiffs "knew both the fact of injury and its immediate physical cause, the flooded highway, when the bodies of Mr. and Mrs. Dyniewicz were found [in

14 - OPINION AND ORDER

1980]. [Under federal law, the] cause of action accrued at that time. Their ignorance of the involvement of United States employees is irrelevant." 742 F.2d at 486-87.

The Court concludes any claim Plaintiff may have had against individual Defendants Sheriff Roberts and Undersheriff Kirby accrued at the time Plaintiff became aware of the injury and its immediate cause; *i.e.*, when she knew of the sexual assault and harassment by Deputy Sheriff Fox, which occurred at some point during or before June 2008. Plaintiff, however, did not file this action until December 29, 2010, which is more than two years after Plaintiff was aware of the sexual assault and harassment by Deputy Sheriff Fox. Plaintiff, therefore, failed to bring her claims against Sheriff Roberts and Undersheriff Kirby within the applicable limitations period.

Accordingly, the Court grants the individual Defendants' Motion for Judgment on the Pleadings and grants the individual Defendants' Motion for Order Dismissing Complaint to the extent that they seek dismissal of Plaintiff's § 1983 claims.

Again, because Plaintiff has filed four Complaints in this action, the Court concludes Plaintiff has had more than a sufficient opportunity to allege any viable § 1983 claim against the individual Defendants. Thus, the Court declines to allow Plaintiff leave to amend her Complaint for a fifth time.

15 - OPINION AND ORDER

**III. Attorneys' Fees**

In their Motion for Order Dismissing Complaint and for attorneys' fees, Defendants request attorneys' fees pursuant to 42 U.S.C. § 1988(b) for their defense against Plaintiff's § 1983 claims.

42 U.S.C. § 1988(b) provides in pertinent part:  "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

"The Supreme Court has instructed that a prevailing defendant in a § 1983 action is entitled to an attorney's fees award under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.'"  *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).  When determining "whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'"  *Id*. (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995)).

Defendants assert Plaintiff's claims were unreasonable, frivolous, or meritless because Plaintiff refused to voluntarily

16 - OPINION AND ORDER

dismiss her § 1983 claims notwithstanding the statute-of-limitations issue.  The Court disagrees.

As noted, the Ninth Circuit has not addressed the standard to apply to determine when a § 1983 claim begins in circumstances like those at issue here.  In light of the unsettled law in this Circuit, the Court concludes Plaintiff's arguments as to when her claims against Defendants began to accrue were not so lacking in merit as to warrant an award of attorneys' fees.  Accordingly, the Court denies Defendants' Motion for Order Dismissing Complaint to the extent that Defendants seek attorneys' fees.


## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#34) for Judgment on the Pleadings, **GRANTS** Defendants' Motion (#40) for Order Dismissing Complaint and for attorneys' fees to the extent that the Court dismisses Plaintiff's § 1983 claims, and **DENIES** Defendants' Motion (#40) for Order Dismissing Complaint and for attorneys' fees to the extent that Defendants seek attorneys' fees.

IT IS SO ORDERED.

DATED this 19th day of January, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER